UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

YOLANDA GOMEZ,

    Plaintiff,

v.

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, YOLANDA GOMEZ ("GOMEZ"), by and through her undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE") and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. GOMEZ brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. GOMEZ was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. METLIFE is a corporation with its principal place of business in the State of New York,

authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, METLIFE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to GOMEZ by METLIFE.

6. GOMEZ was at all times material an employee of Sutter Health ("SUTTER").

7. GOMEZ was at all times material a plan participant under the Sutter Health group Disability Plan, Group Policy No. 116600-1-G (the "LTD Plan") which is established by SUTTER and pursuant to which GOMEZ is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. METLIFE is the insurer of benefits under the LTD Plan and was appointed by SUTTER, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, METLIFE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, METLIFE is not entitled to a deferential standard of review.

11. METLIFE is the fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on GOMEZ's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, GOMEZ is entitled to LTD

benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan, disability is defined as follows:

> Disability or Disabled means that as a result of Sickness or injury You are either Totally Disabled or Partially Disabled.
>
> Totally Disabled or Total Disability means:
>
> During the Elimination Period and the next 24 months, You are unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue Your Usual Occupation and You are not working in Your Usual Occupation.
>
> After such period, You are not able to engage with reasonable continuity in any occupation in which You could reasonably be expected to perform satisfactorily in light of Your:
>
> - age;
> - education;
> - training;
> - experience;
> - station in life; and
> - physical and mental capacity
>
> that exists within any of the following locations:
>
> - a reasonable distance or travel time from Your residence in light of the commuting practices of Your community;
> - a distance of travel time equivalent to the distance or travel time You traveled to work before becoming disabled; or
> - the regional labor market, if You reside or resided prior to becoming disabled in a metropolitan area.

14. At all relevant times, GOMEZ complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately February 7, 2011, GOMEZ has been disabled under the terms of the LTD Plan.

16. Since on or about February 7, 2011, due to her disability, GOMEZ has been unable to perform with reasonable continuity the substantial and material acts necessary to pursue her usual occupation and she has not worked in her usual occupation.

17. Since on or about February 7, 2011, GOMEZ has been unable to engage with reasonable continuity in any occupation in which she could reasonably be expected to perform.

18. At all relevant times, GOMEZ has been under the regular care of a physician.

19. At all relevant times, GOMEZ was a Covered Person under the LTD Plan.

20. Shortly after becoming disabled, GOMEZ made a claim to METLIFE under the LTD Plan for disability benefits which was initially approved.

21. In a letter dated July 9, 2013, METLIFE denied GOMEZ's claim for benefits beyond August 5, 2013.

22. On January 3, 2014, GOMEZ timely and properly appealed the July 9, 2013 denial of benefits.

23. In a letter dated April 29, 2014, METLIFE upheld the July 9, 2013 decision to terminate benefits alleging that GOMEZ had received the maximum LTD benefits allowed under the plan for neuromuskuloskeletal, soft tissue disorders, and mental nervous disorders.

24. From August 6, 2013 to the present date, GOMEZ has not received benefits owed to her under the LTD Plan, despite GOMEZ's right to these benefits.

25. METLIFE has refused to pay GOMEZ's LTD benefits.

26. At all relevant times, METLIFE was the payer of benefits.

27. At all relevant times, METLIFE was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, METLIFE was appointed by SUTTER, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

29. At all relevant times, GOMEZ has been and remains Disabled and entitled to LTD benefits from METLIFE under the terms of the LTD Plan.

30. GOMEZ has been forced to retain the services of the undersigned counsel in order to

prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. GOMEZ incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), GLEASON, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. GOMEZ has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of METLIFE's failure to pay her disability benefits.

35. GOMEZ has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to GOMEZ at a time when METLIFE knew, or should have known, that GOMEZ was entitled to those benefits under the terms of the LTD Plan, as GOMEZ was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of GOMEZ's claim for LTD benefits;

    (c) After GOMEZ's claim was terminated in whole or in part, METLIFE failed to adequately describe to GOMEZ any additional material or

5

information necessary for GOMEZ to perfect her claim along with an explanation of why such material is or was necessary.

(d) METLIFE failed to properly and adequately investigate the merits of GOMEZ's disability claim and failed to provide a full and fair review of GOMEZ's claim.

37. GOMEZ believes and thereon alleges that METLIFE wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which GOMEZ is presently unaware, but which may be discovered in this future litigation and which GOMEZ will immediately make METLIFE aware of once said acts or omissions are discovered by GOMEZ.

38. Following the termination of benefits under the LTD Plan, GOMEZ exhausted all administrative remedies required under ERISA, and GOMEZ has performed all duties and obligations on her part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of METLIFE, has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding GOMEZ's claim for benefits, GOMEZ, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), GOMEZ is entitled to have such fees and costs paid by METLIFE.

41. The wrongful conduct of METLIFE has created uncertainty where none should exist, therefore, GOMEZ is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, YOLANDA GOMEZ prays for relief against METROPOLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 13, 2014

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560

Email: gdell@diattorney.com